**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SOCIETY INSURANCE, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OBM FOODS, INC. d/b/a SALINAS PIZZA ) <br> & CATERING (a/k/a OBM FOODS, INC. d/b/a ) <br> BUFORD'S & SALINA'S TO GO); OBM ) <br> RENTALS, LLC d/b/a SALINAS RENTALS; ) <br> MOHAMMAD HAMDAN d/b/a SALINAS ) <br> RENTALS &  CATERING; CINTAS ) <br> CORPORATION; LUIS MORENO; ) <br> ERNIE SODERLUND; RACHEL BUSS, ) <br> LETICIA HILLS, LOURDES GONZALES, ) <br> MARIA DEL CARME AGUILLON TORRES, ) <br> ARACELI SALDANA, and   JOZEFA ) <br> GASIENICA-SAMEK, ) <br> ) <br>    Defendants. ) | Case No.:  25-8125 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES SOCIETY INSURANCE ("SOCIETY"), by and through its attorneys, FREEMAN MATHIS & GARY LLP, and for its Complaint for Declaratory Judgment against OBM FOODS, INC. d/b/a SALINAS PIZZA & CATERING (a/k/a OBM FOODS, INC. d/b/a BUFORD'S & SALINA'S TO GO), OBM RENTALS, LLC d/b/a SALINAS RENTALS, MOHAMMAD HAMDAN d/b/a SALINAS RENTALS & CATERING, CINTAS CORPORATION, LUIS MORENO, ERNIE SODERLUND, RACHEL BUSS, LETICIA HILLS, LOURDES GONZALES, MARIA DEL CARME AGUILLON TORRES, ARACELI SALDANA, and JOZEFA GASIENICA-SAMEK.

**INTRODUCTION**

1. This is an action for declaratory judgment for a declaration of the rights and responsibilities of the parties, seeking a declaration that Society owes no insurance coverage to OBM Foods, Inc., OBM Rentals, LLC, and Mohammad Hamdan for an accident that occurred in Bedford Park, Illinois for which claims for damages have been made, and one lawsuit has been filed, against them.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount of controversy exceed $75,000.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because this action seeks a declaration regarding Society's obligations under its policy issued in the Northern District of Illinois, regarding an incident that occurred in the Northern District of Illinois, and each defendant is a resident of the Northern District of Illinois.

4. OBM Foods, Inc. is a citizen of Illinois as it is a corporation organized under the laws of the State of Illinois and maintains business addresses in Tinley Park, Illinois and Frankfort, Illinois. OBM Foods, Inc. reported to the Illinois Secretary of State that it intended to adopt and use the assumed corporate name of "Salinas Pizza & Catering."  It also has used the assumed named of "Buford's & Salina's to Go."

5. OBM Rentals, LLC, upon information and belief, is a citizen of Illinois as it is an involuntarily dissolved limited liability company that was organized under the laws of the State of Illinois on September 25, 2023. Its member, upon information and belief, is a citizen of the State of Illinois who resides in Tinley Park, Illinois. OBM Rentals, LLC maintains business addresses in Frankfort, Illinois and Tinley Park, Illinois and its member resides in Tinley Park, Illinois.  It reported to the Illinois Secretary of State that it intended to adopt and transact business under the

assumed name of Salinas Rentals.

6. Mohammed Hamden is an individual who is a citizen of the State of Illinois who resides, upon information and belief, in Tinley Park, Illinois. On or prior to September 14, 2023 he conducted business as "Salinas Rentals" or "Salinas Rentals & Catering."

7. Luis Moreno, upon information and belief, is a citizen of Illinois and a resident of Monee, Illinois. Society seeks no affirmative relief from Moreno. He is named as a necessary party only and Society will dismiss him from this action in the event he agrees in writing to be bound by the final judgement in this action.

8. Ernie Soderlund, upon information and belief, is a citizen of Illinois and a resident of Oak Lawn, Illinois. Society seeks no affirmative relief from Soderlund. He is named as a necessary party only and Society will dismiss him from this action in the event he agrees in writing to be bound by the final judgement in this action.

9. Rachel Buss, upon information and belief, is a citizen of Illinois and a resident of Justice, Illinois. Society seeks no affirmative relief from Buss. She is named as a necessary party only and Society will dismiss her from this action in the event she agrees in writing to be bound by the final judgment in this action.

10. Leticia Hills, upon information and belief, is a citizen of Illinois and a resident of Riverdale, Illinois. Society seeks no affirmative relief from Hills. She is named as a necessary party only and Society will dismiss her from this action in the event she agrees in writing to be bound by the final judgment in this action.

11. Lourdes Gonzales, upon information and belief, is a citizen of Illinois and a resident of Brookfield, Illinois. Society seeks no affirmative relief from Gonzales. She is named as a necessary party only and Society will dismiss her from this action in the event she agrees in writing

to be bound by the final judgment in this matter.

12. Maria Del Carme Aguillon Torres, upon information and belief, is a citizen of Illinois and a resident of Chicago, Illinois. Society seeks no affirmative relief from Aguillon Torres. She is named as a necessary party only and Society will dismiss her in the event she agrees in writing to be bound by the final judgment in this matter.

13. Araceli Saldana, upon information and belief, is a citizen of Illinois and a resident of Chicago, Illinois. Society seeks no affirmative relief from Saldana. She is named as a necessary party only and Society will dismiss her in the event she agrees in writing to be bound by the final judgment in this matter.

14. Jozefa Gasienica-Samek, upon information and belief, is a citizen of Illinois and a resident of Palos Hills, Illinois. Society seeks no affirmative relief from Gasienica-Samek. She is named as a necessary party only and Society will dismiss her in the event she agrees in writing to be bound by the final judgment in this matter.

15. Cintas Corporation is a citizen of the State of Washington and the State of Ohio as it is a corporation incorporated or organized in Washington and maintains its principal place of business in Ohio. Cintas operates a facility in Bedford Park, Illinois where the incident giving rise to this matter happened. Society seeks no affirmative relief from Cintas. Cintas is named as a necessary party only and Society will dismiss it in the event it agrees in writing to be bound by the final judgment in this matter.

**UNDERLYING INCIDENT, CLAIMS, AND LAWSUIT**

16. On September 14, 2023, Design Collective by Cintas was hosting an appreciation lunch event open to employees at 5600 W.73rd Street, Bedford Park, Illinois.

17. On and prior to September 14, 2023, Design Collective by Cintas allegedly rented certain party tents and other equipment for the aforementioned appreciation lunch from a person or entity that was conducting business as Salinas Rentals and Catering, who allegedly supplied and erected said party tents and equipment. Attached as Exhibit A is a true and accurate email exchange and invoice evidencing said rental. **Exhibit A**.

18. On September 14, 2023, one of party tents allegedly collapsed onto attendees of the aforementioned appreciation lunch allegedly causing bodily injury to attendees and property damage ("Incident").

19. OBM Foods, Inc., Mohammed Hamden d/b/a Salinas Rentals and Catering, and Society have received claims or demands for payment for bodily injury by or on behalf of Gasienica-Samek, Saldana, Aguillon Torres, Hills, Gonzales, Buss, Soderlund ("Injury Claims").

20. OBM Foods, Inc., Mohammed Hamden d/b/a Salinas Rentals and Catering, and Society have received a demand for damages to Cintas Corporations vehicle in the amount of $78,559.99 ("Cintas Claim").

21. A lawsuit was filed on behalf of Moreno in the Circuit Court of Cook County against OBM Foods, Inc., among others, seeking damages in excess of $50,000 for personal injury arising out of the Incident, which is entitled *Luis Moreno v. Salina's Pasta & Pizza, Inc., et. al.*, 2025 L 002143 ("Moreno Lawsuit"). A copy of the First Amended Complaint is attached hereto as **Exhibit B**.

22. A request for insurance coverage relating to the Incident and the claims and demands has been made to Society. It is Society's position that coverage is not available for the Incident, the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident.

## SOCIETY POLICY

23. In 2022, Mohammed Hamdan purchased various business, including two restaurants and a rental equipment business.

24. In order to obtain insurance for said businesses, Mohammed Hamden met with an insurance broker in December 2022 after which said broker prepared two insurance applications dated December 21, 2022.

25. The first application was for two premises, 7551 W. 175th Street, Tinley Park, Illinois and 2114 (sic) S. LaGrange Road, Frankfort, Illinois, for small seating restaurant with no liquor sales (class code 16902) at the Frankfort premises, catering (class code 11039) at both premises, and a rental store (class code 16722) at the Tinley Park premises. The Insured Name was identified as "OBM Mediterranean Inc." (hereinafter "First Application".)

26. The second application was for one premises located at 21112 LaGrange Road, Frankfort, Illinois for small seating restaurant with no liquor sales (class code 16902). The Insured Name was identified as "OBM Foods Inc." (hereinafter "Second Application").

27. Mohammad Hamdan, upon learning of the cost for insuring the rental business, thereafter informed his insurance broker that he did not want insurance for the rental business at that time. As a result, the First Application was revised on December 29, 2022, and listed only the location 2114 (sic) S. LaGrange Road, Frankfort, Illinois for a small seating restaurant (class code 16902) and catering (class code 11039). The Insured Name was listed as "OBM Mediterranean Inc. (DBA Salinas)" (hereinafter "December 29 Application.")

28. On January 25, 2023, a Commercial Insurance Proposal describing the policy to be procured from Society on behalf of OBM Foods Inc. was prepared. A copy of said Commercial Insurance Proposal (with premium information redacted) is attached hereto as **Exhibit C**.

29. Mohammad Hamdan signed the Commercial Insurance Proposal on page 2.

30. The Commercial Insurance Proposal contains a list of all policy forms and coverages being requested form Society to make up the policy of insurance.

31. The Commercial Insurance Proposal identifies two locations for liability coverage. Location 1 is 21114 S. La Grange Road, Frankfort, Illinois with a Class Code/Coverage 16900, Restaurants – with no sale of alcoholic beverages – with table service and Class Code/Coverage 11039, Caterers. Location 2 is 21112 S La Grange Road, Frankfort, Illinois with a Class Code/Coverage 16901, Restaurants – with no sales of alcoholic beverages – without table service with seating.

32. The Commercial Insurance Proposal does not contain a list of equipment offered for rental (such as, for instance, tents), a Contractors Equipment Coverage Form, or a Contractors Equipment Schedule.

33. The Commercial Insurance Proposal does not contain a Class Code/Coverage 16722, which is the one used for Rental Stores.

34. Based upon the Commercial Insurance Proposal, Society issued a policy of insurance, number BP23000967-0 to OBM Foods, Inc. d/b/a Buford's & Salina's To Go for the policy period of January 27, 2023 to January 27, 2024 ("Society Policy"). A copy of the Society Policy is attached hereto as **Exhibit D** (with premium information redacted.)

35. The Businessowners Declaration pages of the Society Policy state:

**BUSINESSOWNERS DECLARATION**

                                                                      **Policy No.** BP23000967-0

**Named Insured and Mailing Address**
OBM Foods Inc.
DBA Buford's & Salina's To Go
21114 S La Grange Rd
Frankfort, IL 60423

**POLICY PERIOD:** FROM 01/27/2023 TO 01/27/2024 AT 12:01 AM STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

**THE NAMED INSURED IS:** Corporation  **BUSINESS DESCRIPTION:** See Described Premises section

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

### DESCRIBED PREMISES

| Prem No. | Bldg. No. | Premises Address: | Description | Construction Type | Protection Class |
|---|---|---|---|---|---|
| 1 | 1 | 21114 S La Grange Rd Frankfort, IL 60423 | Restaurant | Masonry Non-combustible | 3 |
| 2 | 1 | 21112 S La Grange Rd Frankfort, IL 60423 | Restaurant | Masonry Non-combustible | 3 |

25. The Declarations of the Society Policy describes the business located at 21114 S. LaGrange Road, Frankfort, IL as "Caterers" with the class code of 11039.

26. The Declarations of the Society Policy describes the Classification of the business located at 21114 S. LaGrange Road, Frankfort, IL as "Restaurants – with no sale of alcoholic beverages – with table service" with the class code of 16900.

27. The Declarations of the Society Policy describes the Classification of the business located at 21112 S. LaGrange Road, Frankfort, IL as "Restaurants – with no sale of alcoholic beverages – without table service" with the class code of 16901.

28. The Declarations of the Society Policy also states:

**THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS, AND SUPPLEMENTAL FORM DECLARATION(S), IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.**

### COUNT I – NO COVERAGE FOR OBM RENTALS, LLC AND MOHAMMED HAMDEN D/B/A SALINAS RENTALS AND CATERING

29. Society incorporates paragraphs 1-28 above as paragraph 29 of Count I as though fully set forth herein.

30. The Society Policy contains the following insuring agreement:

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under-SECTION **C** – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION F – LIABILITY AND MEDICAL EXPENSES DEFINITIONS.

- A. **Coverages**
    1. **Business Liability**
        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

31. The Society Policy contains the following provision:

- C. **Who Is An Insured**
    1. If you are designated in the Declarations as:

        * * *

        d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

        * * *

    **2.** Each of the following is also an insured:
        a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive

  officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

* * *

32. The Society Policy contains the following definitions:

**F. Liability and Medical Expenses Definitions**

* * *

 **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

 **6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

* * *

 **18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

  a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

 **19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

 **20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

* * *

33. The only Named Insured on the Society Policy is OBM Foods, Inc.

34. OBM Rentals, LLC does not qualify as an Insured under the Society Policy with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident.

35. Mohammad Hamden d/b/a Salinas Rentals & Catering does not qualify as an Insured under the Society Policy with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident.

36. Upon information and belief, the defendants disagree with the foregoing position.

37. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

  a. Finding and declaring that the Society Policy does not provide insurance coverage to OBM Rentals, LLC with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify OBM Rentals, LLC;

  b. Finding and declaring that the Society Policy does not provide insurance coverage to Mohammed Hamden d/b/a Salinas Rentals & Catering with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify Mohammed Hamden d/b/a Salinas Rentals and Catering;

  c. Granting Society all other further relief this Court deems proper.

## COUNT II – THE SOCIETY POLICY DOES NOT COVER RENTAL BUSINESS

38. Pleading in the alternative, Society incorporates paragraphs 1-28 as paragraph 38 of Count II as though fully set forth herein.

39. The Society Policy contains the following insuring agreement:

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under-SECTION **C** – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION F – LIABILITY AND MEDICAL EXPENSES DEFINITIONS.

    **A. Coverages**

        **1. Business Liability**

            **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.

40. The Declarations of the Society Policy does not contain any location using the Classification of the business as "Rental Store" and does not contain any location using the class code of 16722.

41. The Society Policy does not contain a Contractors Equipment Coverage Form or a Contractors Equipment Schedule, which would be included had it intended to provide coverage for equipment rental.

42. Society representatives conducted an inspection of 21114 S. LaGrange Road, Frankfort, IL and 21112 S. LaGrange Road, Frankfort, IL to perform a risk assessment on April 20, 2023.

43. No equipment offered for rental, including but not limited to tents, was located at either 21114 S. LaGrange Road, Frankfort, IL or 21112 S. LaGrange Road, Frankfort, IL.

44. Society was never informed that OBM Foods, Inc. conducted business by renting equipment, such as tents.

45. Society was never requested to insure a business that rented equipment, such as tents.

46. Representatives of OBM Foods, Inc., including Mohammed Hamden, specifically advised its insurance broker in December 2022 that Hamden did not want insurance for Hamden's rental business.

47. Upon information and belief, following the incident Mohammed Hamden requested that his insurance broker obtain a policy of insurance to cover the business of renting equipment, including tents.

48. Society did not intend to insure any business renting equipment, such as tents, under the Society Policy.

49. The premium charged for the Society Policy did not include any amount for a Rental Store or for the rental of equipment, such as tents, by any Insured.

50. Society would have charged a higher premium for the Society Policy had Society intended to insure an entity renting equipment, such as tents.

51. The Society Policy does not provide insurance that applies to a Rental Business.

52. Society has no duty to defend or indemnify any person or entity, including but not limited to, OBM Foods, Inc., OBM Rentals, LLC, Mohammad Hamdan d/b/a Salinas Rentals & Catering, with respect to the Incident, the Injury Claims, the Cintas Claim, and the Moreno Lawsuit

53. Upon information and belief, the defendants disagree with the foregoing position.

54. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the

policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring that the Society Policy does not provide insurance coverage to OBM Foods, Inc. with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify OBM Food, Inc.;

b. Finding and declaring that the Society Policy does not provide insurance coverage to Mohammed Hamden d/b/a Salinas Rentals & Catering with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify Mohammed Hamden d/b/a Salinas Rentals and Catering;

c. Finding and declaring that the Society Policy does not provide insurance coverage to OBM Rentals, LLC with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify OBM Rentals, LLC;

d. Granting Society all other further relief this Court deems proper.

## **COUNT III – RESCISSION**

55. Pleading in the alternative, Society incorporates paragraphs 1-28 and 39-52 above as paragraph 55 of Count III as though fully set forth herein.

56. The Society Policy contains the following provision:

**A. Cancellation**
\* \* \*
**3.** If this Policy has been in effect for more than 60 days . . . we may cancel this Policy only for one or more than the following reasons:

  **b.** The Policy was obtained through a material misrepresentation;
\* \* \*
  **d.** The risk originally accepted has measurably increased;
\* \* \*

57. The Society Policy also contains the following provision:

**C. Concealment, Misrepresentation Or Fraud**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This policy;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Policy.

58. To the extent OBM Foods, Inc. was renting equipment (including tents) to others on or before the Incident, that fact is material since if Society had known of that fact it may not have offered coverage or would have charged a higher premium.

59. To the extent OBM Foods, Inc. sought coverage from Society for renting equipment (including tents) to others, OBM Foods, Inc. should have notified Society that it rented said equipment or intended to rent said equipment and the failure to disclose the fact it rented equipment was a material misrepresentation.

60. To the extent OBM Foods, Inc. was renting equipment (including tents) to others on or before the Incident is a material change in the risk insured.

61. The Society Policy is void or, alternatively, should be cancelled.

62. Upon information and belief, the defendants disagree with the foregoing position.

63. There is an actual and justiciable controversy between the parties which may be determined by a judgment order of this Court, and this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY INSURANCE, respectfully requests that this Court enter an order as follows:

a. Finding and declaring the Society Policy void; and/or

b. Finding and declaring the Society Policy cancelled at its inception; and/or

c. Finding and declaring that the Society Policy does not provide insurance coverage to OBM Foods, Inc. with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify OBM Food, Inc.;

d. Finding and declaring that the Society Policy does not provide insurance coverage to Mohammed Hamden d/b/a Salinas Rentals & Catering with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify Mohammed Hamden d/b/a Salinas Rentals and Catering;

e. Finding and declaring that the Society Policy does not provide insurance coverage to OBM Rentals, LLC with respect to the Injury Claims, the Cintas Claim, and the Moreno Lawsuit, or any other lawsuit arising from the Incident and therefore has no duty to defend or indemnify OBM Rentals, LLC;

f. Granting Society all other further relief this Court deems proper.

Dated: July 16, 2025                  Respectfully submitted,

By: */s/ Amy E. Frantz* (ARDC #: 6312526)
Amy E. Frantz (ARDC #: 6312526)
Michael D. Sanders (ARDC #: 6230187)
FREEMAN MATHIS & GARY, LLP
33 N. Dearborn St., Suite 1430
Chicago, IL 60602
Tel: 773-694-3919
Amy.Frantz@fmglaw.com
Michael.Sanders@fmglaw.com

*Counsel for Plaintiff Society Insurance*